IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Marvin Hightower** | | |
| | Name: First | Middle | Last |
| Debtor 2 (Spouse, if filing) | | | |
| | Name: First | Middle | Last |
| Case number: (If known) | **19-80822** | | |

Check if this is an amended plan ☐
Amends plan dated: _____

# Chapter 13 Plan

## Part 1 — Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

## Part 2 — Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$235** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following manner *(check all that apply):*

☑ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to: **Shape Corp.**
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

**2.3** Income tax refunds and returns. *Check one.*

| Debtor | Marvin Hightower | Case number | 19-80822 | Eff (01/01/2019) |

- [✓] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.
- [ ] Debtor(s) will treat income tax refunds as follows: _____
- [ ] Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4 Additional Payment** *Check all that apply.*
- [✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*
- [✓] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.** *Check one.*
- [✓] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*
- [✓] Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
- [ ] Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3 Attorney's fees.**

The total fee requested by Debtor(s)' attorney is **$3,500.00**. The amount of the attorney fee paid prepetition is **$319.00**. The balance of the fee owed to Debtor(s)' attorney is **$3,181.00**, payable as follows (*check one*):

- [ ] $ at confirmation and $ per month thereafter until paid in full, or
- [✓] in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4 Priority claims other than attorney's fees and domestic support obligations.** *Check one.*
- [ ] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com — Best Case Bankruptcy

☑ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Alabama Department of Revenue | $45.00 | | |
| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
| Internal Revenue Service | $8,111.00 | | |

4.5  **Domestic support obligations.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5    Treatment of Nonpriority Unsecured Claims**

5.1  **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

5.2  **Percentage, Base, or Pot Plan.** *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☑ Base Plan. This plan proposes to pay $ **14,100.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

5.3  **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
☑  **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

5.4  **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

5.5  **Other separately classified nonpriority unsecured claims.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

**Part 6    Executory Contracts and Unexpired Leases**

6.1  **The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2  **The executory contracts and unexpired leases listed below are rejected:** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**Part 7    Sequence of Payments**

7.1  Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

**Part 8    Vesting of Property of the Estate**

| Debtor | **Marvin Hightower** | Case number | **19-80822** | Eff (01/01/2019) |
|---|---|---|---|---|

**8.1** Property of the estate will vest in Debtor(s) *(check one)*:

☑ Upon plan confirmation.

☐ Upon entry of Discharge

**Part 9** **Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

**Part 10** **Signatures:**

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X **/s/ Marvin Hightower**         Date **March 28, 2019**
  **Marvin Hightower**

X _____         Date

**Signature of Attorney for Debtor(s):**
X **/s/ John C. Larsen**          Date **March 28, 2019**
  **John C. Larsen**
  **1733 Winchester Road**
  **Huntsville, AL 35811**
  **256-859-3008**

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In Re: Marvin Hightower )
SSN: XXX-XX-1985 )
) Chapter 13
) Case No: 19-80822-CRJ
)
Debtor(s), )

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Chapter 13 Plan has been served upon all creditors listed on the matrix electronically or by depositing copies for the creditors listed below in the United States Mail, properly addressed and postage prepaid, on this the 28th day of March, 2019.

A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, on this the 28th day of March, 2019.

/s/ John C. Larsen

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 19-80822-CRJ13<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Thu Mar 28 17:04:49 CDT 2019 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 | Athens-Limestone ER Physicians<br>P.O. Box 2153 Dept# 85<br>Birmingham, AL 35287-0002 |
| Athens-Limestone Hospital<br>P.O. Box 2252 Dept. 3120<br>Birmingham, AL 35246-0031 | Charter Communications<br>PO Box 742614<br>Cincinnati, OH 45274-2614 | Convergent Outsourcing, Inc<br>800 SW 39th St.<br>P.O Box 9004<br>Renton, WA 98057-9004 |
| Credence Resource Management LLC<br>P.O. Box 2147<br>Southgate, MI 48195-4147 | Credit Central<br>Attn: Bankruptcy<br>700 E North St Ste 15<br>Greenville, SC 29601-3013 | Dept of the Treasury - IRS<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 |
| Franklin Collection Service, Inc.<br>Attn: Bankruptcy<br>Po Box 3910<br>Tupelo, MS 38803-3910 | HGA Home Medical Equipment-Huntsville<br>P.O. Box 931631<br>Atlanta, GA 31193-1631 | Internal Revenue Service<br>P.O Box 7346<br>Philadelphia, PA 19101-7346 |
| Memphis Light Gas & Water DIV<br>P.O. Box 430<br>Memphis, TN 38101-0430 | Methodist Lebonheur Healthcare<br>c/o Consolidated Recovery Systems<br>2650 Thousand Oaks Blvd., Ste. 4200<br>Memphis, TN 38118-2451 | Professional Account Services<br>PO Box 188<br>Brentwood, TN 37024-0188 |
| Radiology of Huntsville<br>2006 Franklin St., Ste. 200<br>Huntsville, AL 35801-4537 | Redstone Fcu<br>Attn: Bankruptcy Dept<br>220 Wynn Drive<br>Huntsville, AL 35893-0001 | (p)SOUTHERN SECURITY FEDERAL CREDIT UNION<br>765 W POPLAR AVENUE<br>COLLIERVILLE TN 38017-2543 |
| Sunloan Company<br>1407 Memorial Parkway NW, Ste. 20<br>Huntsville, AL 35801-5935 | T M CARR MD PC<br>c/o Consolidated Recovery Systems<br>2650 Thousand Oaks Blvd., Ste. 4200<br>Memphis, TN 38118-2451 | T Mobile/T-Mobile USA Inc<br>by American InfoSource as agent<br>PO Box 248848<br>Oklahoma City, OK 73124-8848 |
| (p)T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | Tva Comm Cu<br>Tva Reservation<br>Muscle Shoals, AL 35660 | Waddell Center Family Medicine<br>902 West Washington St<br>Athens, AL 35611-2438 |
| World Finance Corp<br>Attn: Bankruptcy Dept<br>P.O. Box 6429<br>Greenville, SC 29606-6429 | John C. Larsen<br>Larsen Law, P.C.<br>1733 Winchester Rd<br>Huntsville, AL 35811-9190 | Marvin Hightower<br>2114 Booker Dr.<br>Athens, AL 35611-5419 |
| Michele T. Hatcher<br>Chapter 13 Trustee<br>P.O. Box 2388<br>Decatur, AL 35602-2388 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Southern Security Fcu<br>3337 Summer Ave<br>Memphis, TN 38122 | T-Mobile<br>PO Box 742596<br>Cincinnati, OH 45274-2596 | End of Label Matrix<br>Mailable recipients 27<br>Bypassed recipients 0<br>Total 27 |